IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DATAFLOW SYSTEMS, INC. | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| ARRIVAL STAR S.A. and<br>MELVINO TECHNOLOGIES LIMITED | ) JURY TRIAL DEMANDED<br>) **1:11-cv-0150 SEB-TAB** |
| Defendants. | ) |

## COMPLAINT

This is a declaratory judgment action brought under 28 U.S.C. §§ 2201-02 by Plaintiff Dataflow Systems, Inc. ("Plaintiff" or "DSI") against Defendants Arrival Star S.A. ("Arrival Star") and Melvino Technologies Limited ("Melvino") (collectively be referred to as "Defendants"), seeking a declaration that DSI has not violated any U.S. patent rights held by Defendants.

## Parties

1. Plaintiff is a private company having a principal place of business at 4544 Independence Square, Indianapolis, IN 46203.

2. Plaintiff designs and develops innovative software solutions for companies across multiple industries. Plaintiff is the developer of the Mill Information and Production System software (the "MIPS Software"), which is a software package designed to manage the steel manufacturing process.

3. Upon information and belief, Defendant Arrival Star is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

4. Upon information and belief, Defendant Melvino is a corporation organized under the laws of the British Virgin Island of Tortola, having a principal place of business at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

5. On information and belief, Defendants are in the business of licensing patent rights.

## Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this action on the following grounds:

   (a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States; and

   (b) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged patent rights.

7. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, DSI and Defendants.

8. This Court has personal jurisdiction over Defendants consistent with the principles underlying Indiana Rule of Trial Procedure 4.4(a) and the U.S. Constitution:

(a) Defendants purposefully directed its activities at DSI within this State;

(b) DSI's claim arises out of Defendants' activities;

(c) Defendants have admitted jurisdiction in the Southern District of Indiana by filing patent litigation suits in this District; and

(c) This Court's assertion of personal jurisdiction over Defendants is reasonable and fair.

9. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

## The Arrival Star Patents

10. Defendants purport to be the owner of U.S. Patent No. 6,904,359; U.S. Patent No. 6,486,801; U.S. Patent No. 6,714,859; U.S. Patent No. 6,317,060; U.S. Patent No. 6,748,320; U.S. Patent No. 6,952,645; U.S. Patent No. 7,030,781; and U.S. Patent No. 7,400,970 (collectively referred to as the "Arrival Star Patents"). Generally, the Arrival Star Patents relate to vehicle tracking and status messaging systems.

11. On information and belief, Defendants have asserted one or more of the Arrival Star Patents against various parties in over twenty-five (25) separate patent litigation suits since at least 2001.

12. On information and belief, Defendants do not manufacture or sell any products that embody the teachings of the Arrival Star Patents.

13. On information and belief, Defendants are solely in the business of using cease and desist letters and litigation to negotiate licensing agreements with alleged patent infringers.

### Communications between Defendants and DSI

14. On or about January 5, 2011, Defendants, through its counsel, sent a letter (the "January 5th Letter", attached hereto as Exhibit A) addressed to DSI's President, Rich Kriese, which was received at DSI's principal business address in Indianapolis, IN. In this letter, Defendants claimed ownership of the Arrival Star Patents, alleged that DSI's MIPS Software infringes the Arrival Star Patents, and proposed "to offer Dataflow a license to continue practicing the inventions claimed in the Arrival Star Patents under highly favorable terms." Defendants further proposed to "resolve all issues through a suitable licensing arrangement prior to any litigation."

15. In the January 5th Letter, counsel for Defendants set a deadline of January 19, 2010 for DSI's response. If DSI did not meet this deadline, then Defendants would "proceed accordingly here in the court system of [sic] United States."

16. On January 18 2010, counsel for Nucor Corporation ("Nucor") responded to Defendants' January 5th Letter (the "January 18th Response", attached hereto as Exhibit B) pursuant to a conditional indemnification obligation to DSI, and explained that they had yet to evaluate the Arrival Star Patents and anticipated providing a more substantial response to the January 5th Letter in early February 2011.

17. On January 18th, counsel for Defendants emailed DSI's conditionally indemnifying counsel (the "January 18th Email", attached hereto as Exhibit C) and threatened that "unless [Arrival Star is] provided a reasonable settlement offer from or on behalf of

4

Dataflow Systems by February 1, 2010, then [Arrival Star] will be suing Dataflow here in the U.S. and also in Canada if they do any business up there." In this email, Defendants' counsel proposed that DSI agree to Defendants' standard Settlement, Release and License Agreement.

18. None of DSI's products, including the MIPS Software, include all of the limitations of any of the claims of the Arrival Star Patents.

19. On information and belief, Defendants have never inspected any of DSI's products, including the MIPS Software. If Defendants had done a pre-threat investigation, it would have been apparent to Defendants that DSI's MIPS Software does not infringe the Arrival Star Patents.

20. On information and belief, Defendants have made a bad faith effort to allege infringement of the Arrival Star Patents and to force DSI into an unnecessary and onerous license agreement that would wrongfully and maliciously interfere with DSI's business.

21. DSI has not violated any of Defendants' purported rights in the Arrival Star Patents or otherwise, and is not liable to Defendants for patent infringement or any other federal, state or common law causes of action, in law or in equity.

### Count 1 (Declaratory Judgment of Noninfringement)

22. DSI incorporates paragraphs 1 through 21 as if fully set forth herein.

23. There is an actual and substantial controversy between Defendants and DSI of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendants have made a threat to DSI's business by accusing DSI of unlawful actions and demanding that DSI immediately enter into an unnecessary and onerous license agreement that would interfere with DSI's business operations.

24. There is an actual and justiciable controversy between Defendants and DSI concerning Defendants' bad faith allegations that DSI must license the Arrival Star Patents in order to lawfully market the MIPS Software.

25. Defendants' bad faith allegations place a cloud over DSI's business and, in particular, its rights and abilities to continue its business activities relating to the MIPS Software.

26. DSI is entitled to a judgment declaring that DSI's continued marketing of the MIPS software is lawful and does not infringe any valid and enforceable claims of any of the Arrival Star Patents.

27. DSI is entitled to a judgment declaring that DSI's making, using, importing, selling, or offering to sell the MIPS Software is lawful and does not infringe any valid and enforceable claims of any of the Arrival Star Patents.

28. Defendants' bad faith accusations have caused harm, and on information and belief, will continue to cause harm unless and until the Court enters a judgment declaring DSI's rights as requested herein.

WHEREFORE, DSI prays for the entry of a judgment:

A. Declaring that DSI has not infringed or otherwise violated any purported rights of Defendants, including any provisions of 35 U.S.C. § 1 *et seq.* or any other asserted federal, state, or common law laws, with regard to the Arrival Star Patents or otherwise;

B. Declaring that DSI does not need to license the Arrival Star Patents, or any one of them, in order to lawfully make, use, import, market, sell, or offer to sell the MIPS Software.

C. Declaring this case exceptional pursuant to 35 U.S.C. § 285 in favor if DSI.

D. Granting DSI their costs and awarding DSI their reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

### Jury Demand

DSI demands a trial by jury on all issues so triable.

This 31st day of January, 2011.

Respectfully submitted,

R. Trevor Carter, Indiana Bar No. 18562-49
Andrew M. McCoy, Indiana Bar No. 28297-49

BAKER & DANIELS LLP
300 N. Meridian St., Suite 2700
Indianapolis, Indiana 46204
Ph: (317) 237-0300
Fax: (317) 237-1000
Email: trevor.carter@bakerd.com
       andrew.mccoy@bakerd.com

J. Mark Wilson, N.C. State Bar No. 25763
MOORE & VAN ALLEN, PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
*(Pro Hac Vice Application to be filed)*

*Counsel for Plaintiff, Dataflow Systems, Inc.*